**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SELVIN LEONARDY SOLIS MEZA,<br>　　　Plaintiff,<br><br>　　v.<br><br>KENNETH T. CUCCINELLI, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,[1]<br>　　　Defendant. | Civil Action No. 19-1322 (CKK) |

**MEMORANDUM OPINION**
(February 7, 2020)

Pending before the Court is Defendant's Motion to Dismiss or, Alternatively, Motion to Transfer or, Alternatively, Motion for Summary Judgment, ECF No. 11. Defendant first moves to dismiss the Complaint, ECF No. 1, for lack of subject matter jurisdiction. Second, Defendant moves to transfer this case to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). Lastly, Defendant moves for summary judgment with respect to whether the actions of the agency at issue, the United States Citizenship and Immigration Services ("USCIS"), were arbitrary and capricious. Upon consideration of the briefing,[2] the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kenneth T. Cuccinelli is substituted as Defendant for former Director L. Francis Cissna. *See* Kenneth T. (Ken) Cuccinelli, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; Director (vacant), *available at* https://www.uscis.gov/about-us/leadership/kenneth-t-ken-cuccinelli-senior-official-performing-duties-director-us-citizenship-and-immigration-services-director-vacant (last accessed February 6, 2020).

[2] The Court's consideration has focused on the following:
- Def.'s Mot. to Dismiss or, Alternatively, Mot. to Transfer or, Alternatively, Mot. for Summ. J. ("Def.'s Mot."), ECF No. 11;
- Resp. in Opp'n to Def.'s Mot. to Dismiss, Mot. to Transfer, and Mot. for Summ. J. ("Pl.'s Opp'n"), ECF No. 12; and

1

relevant legal authorities, and the record as relevant to this Motion, the Court **GRANTS** Defendant's Motion on the basis that the court lacks subject matter jurisdiction over this case. The Court therefore **DENIES AS MOOT** Defendant's alternative Motion to Transfer and Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Selvin Leonardy Solis Meza is a citizen and national of Honduras who currently resides in Pineville, North Carolina. Compl. ¶ 1. He is married to a United States citizen and has two children who are also United States citizens. *Id.* He originally entered the United States in 2002 and was apprehended by immigration officials. *Id.* ¶¶ 8–9. According to Mr. Solis, the immigration officials chose to "parole" him into the United States. *Id.* ¶ 10. They served him with a notice to appear, which initiated removal proceedings. *Id.* ¶ 11. The notice to appear described Mr. Solis as an "arriving alien." *Id.*

Later, on January 26, 2018, Mr. Solis's wife filed a Petition for an Alien Relative (Form I-130) on Mr. Solis's behalf. *Id.* ¶ 15. He contemporaneously filed an Application to Register Permanent Residence or Adjust Status (Form I-485, referred to here as "Adjustment Application"). *Id.* ¶ 16. After interviewing Mr. Solis and his wife, USCIS issued a notice of intent to deny his Application on the basis that Mr. Solis was not an arriving alien. *Id.* ¶ 19. Mr. Solis provided them with a copy of his notice to appear that indicated he was an arriving alien. *Id.* ¶ 21. However, the agency still denied his Adjustment Application on the basis that it lacked jurisdiction because Mr. Solis was not an arriving alien. *Id.* ¶ 22; *see id.* Ex. A (denial letter), ECF No. 1-5.

---

- Reply in Further Supp. of Def.'s Mot. to Dismiss or, Alternatively, Mot. to Transfer or, Alternatively, Mot. for Summ. J. ("Def.'s Reply"), ECF No. 13.

In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

Mr. Solis then brought this suit, which primarily argues that the agency's denial of his Application was arbitrary and capricious under the Administrative Procedure Act ("APA"). *See, e.g.*, *id.* ¶ 4 (invoking APA); *id.* ¶¶ 28–39 (outlining claim titled "APA—Adjustment Application Denial").

## II. LEGAL STANDARD

A court must dismiss a case pursuant to Federal Rule 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal quotation marks omitted) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993) ("We review here a decision granting a motion to dismiss, and therefore must accept as true all the factual allegations in the complaint."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) ("[A] court accepts as true

all of the factual allegations contained in the complaint and may also consider 'undisputed facts evidenced in the record.'" (internal citations omitted) (quoting *Mineta*, 333 F.3d at 198)).

Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. United States Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001)), *aff'd*, 2008 WL 4068606 (D.C. Cir. Mar. 17, 2008). A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks omitted) (quoting *Papasam v. Allain*, 478 U.S. 265, 286 (1986)).

### III. DISCUSSION

Defendant argues that the case should be dismissed because this Court lacks subject matter jurisdiction. In short, Defendant argues that under the relevant statutes, there is no jurisdiction because Mr. Solis is challenging a denial of an adjustment of status while there is a pending removal proceeding with respect to Mr. Solis. Def.'s Mot. at 5–7. Mr. Solis, in response, contends that because there is no pending removal proceeding and because he seeks review of a purely legal matter, this Court has jurisdiction. The Court addresses the relevant statutory and regulatory scheme, and how it has been applied in this context, before turning to the parties' arguments here.

4

Some background on the relevant statutory and regulatory scheme provides context for the parties' arguments. The Immigration and Nationality Act ("INA") created a process, called "adjustment of status," by which "certain aliens physically present in the United States could seek lawful permanent resident status without having to depart this country." *Landin-Molina v. Holder*, 580 F.3d 913, 916 (9th Cir. 2009). However, in cases in which an alien who is not an arriving alien "has been placed in deportation proceedings or in removal proceedings," the Immigration Judge in the Department of Justice's Executive Office for Immigration Review ("EOIR") "has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." 8 C.F.R. § 1245.2(a)(1)(i); *see also* 8 C.F.R. § 1240.1(a)(1)(ii) (granting immigration judge in removal proceeding authority to determine applications for adjustment of status); 8 C.F.R. § 245.2(a)(1) ("USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 CFR 1245.2(a)(1).").

If an Immigration Judge denies such an application, the alien may appeal to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b) (outlining appellate jurisdiction of Board of Immigration Appeals, which includes "[d]ecisions of Immigration Judges in removal proceedings"); 8 C.F.R. § 1003.3(a) (providing process for appeals of decisions by Immigration Judges to Board of Immigration Appeals). Certain questions in final decisions by the Board of Immigration Appeals related to removal proceedings may be appealed to the appropriate federal Court of Appeals. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]"); *id.* § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit

5

in which the immigration judge completed the proceedings."); *id.* § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available **only in judicial review of a final order under this section**." (emphasis added)); *see also Vetcher v. Sessions*, 316 F. Supp. 3d 70, 76 (D.D.C. 2018) ("Taken together, then, these two subsections streamline all issues arising from removal proceedings into a petition for review that must be filed with a court of appeals after a final order of removal from the BIA.").

The "petition for review filed with an appropriate court of appeals" is "the sole and exclusive means for judicial review" of a removal order. 8 U.S.C. § 1252(a)(5); *see also Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d 612, 620 (4th Cir. 2010) ("To the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals *during removal proceedings*."). Under this scheme, aliens generally are "not entitled, at any stage in this process, to review of [their] application[s] in any district court." *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296, 306 (D.D.C. 2017); *see also, e.g.*, *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009) (finding that 8 U.S.C. § 1252(a)(2)(D) "does not grant jurisdiction to review questions of law in district court cases" but instead grants limited jurisdiction over such questions to the appropriate court of appeals); *Hassan v. Chertoff*, 543 F.3d 564, 566 (9th Cir. 2008) (finding that 8 U.S.C. § 1252 grants limited jurisdiction to review denials of application for adjustment of status only to courts of appeals, and not to district courts).

Since the enactment of the INA in 1952, various statutes, such as the 2005 REAL ID Act, have "limited the scope of federal court review respecting certain immigration benefits

determinations." *Mamigonian v. Biggs*, 710 F.3d 936, 943 (9th Cir. 2013). Under the current scheme, judicial review of a discretionary denial of an adjustment of status application is generally precluded by 8 U.S.C. § 1252(a)(2)(B)(i). *See, e.g.*, *Hassan v. Chertoff*, 593 F.3d 785, 788–89 (9th Cir. 2010) (per curiam) ("[J]udicial review of the denial of an adjustment of status application—a decision governed by 8 U.S.C. § 1255—is expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(i)."). So too is judicial review of discretionary decisions more generally precluded under 8 U.S.C. § 1252(a)(2)(B)(ii). *See id.* at 789. Even though section 1252 "generally addresses judicial review with regard to final orders of removal," certain language in the statute—"regardless of whether the judgment, decision, or action is made in removal proceedings"—"makes clear that the jurisdictional limitations imposed by § 1252(a)(2)(B) also apply to review of agency decisions made outside of the removal context." *Lee*, 592 F.3d at 619; *see Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142 n.13 (11th Cir. 2009) (per curiam) (finding same); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 199 n.5 (3d Cir. 2006) (finding same).

But several courts have generally distinguished between non-discretionary, or purely legal, denials of status of adjustment applications and the discretionary denials for which review is statutorily precluded.[3] The Third Circuit examined this issue in *Pinho v. Gonzales*, 432 F.3d 193 (3d Cir. 2005). As the court there explained, when it comes to subject matter jurisdiction in this

---

[3] These determinations happen both in the context of the jurisdiction-stripping provisions of section 1252 as well as in the context of the APA, which similarly requires that the agency action be non-discretionary. *See, e.g.*, *Pinho v. Gonzales*, 432 F.3d 193, 200 & n.9 (3d Cir. 2005) (noting that agency action must be non-discretionary under APA and explaining that "Section 1252(a)(2)(B) of Title 8 of the United States Code, which also strips the district courts of jurisdiction over discretionary agency determinations, is in that respect at least partly duplicative of the APA requirement"); *Maalouf v. Wiemann*, 654 F. Supp. 2d 6, 8 n.6 (D.D.C. 2009) (noting that 8 U.S.C. § 1252(a)(2)(B), "which expressly forbids any court from reviewing discretionary relief granted under Section 13, is largely duplicative of 5 U.S.C. § 704 to the extent the latter provision generally forbids courts from reviewing discretionary agency action").

7

context, courts must "distinguish carefully between a denial of an application to adjust status, and a determination that an immigrant is legally ineligible for adjustment of status." *Id.* at 203. An "immigrant's eligibility itself is determined by statute," and as such is "plainly [a] matter[] of law[.]" *Id.* This is because "[d]etermination of *eligibility* for adjustment of status—unlike the *granting* of adjustment itself—is a purely legal question and does not implicate agency discretion." *Id.* at 204. Other circuits have similarly found that some legal questions raised in these proceedings may be reviewable. *See, e.g.*, *Hosseini v. Johnson*, 826 F.3d 354, 359 & n.6 (6th Cir. 2016) (finding that "courts can review non-discretionary decisions in this context," including "eligibility determinations underlying the agency's decision," and explaining that "if Congress had intended to limit district court jurisdiction over non-discretionary determinations, it could have done so with unambiguous language to that effect in § 1252(a)(2)(D)"); *Mamigonian*, 710 F.3d at 945 ("[D]istrict courts have jurisdiction to hear cases challenging final agency determinations respecting eligibility for the immigration benefits enumerated in 8 U.S.C. § 1252(a)(2)(B)(i) made on nondiscretionary grounds, provided there are no pending removal proceedings in which an alien could apply for such benefits."); *Lee*, 592 F.3d at 620 ("Congress made explicit that despite the jurisdiction-stripping language of § 1252(a)(2)(B), courts of appeal [retain] a narrowly circumscribed jurisdiction to resolve constitutional claims or questions of law raised by aliens seeking discretionary relief." (internal quotation marks omitted) (quoting *Higuit v. Gonzales*, 433 F.3d 417, 419 (4th Cir. 2006))); *Mejia Rodriguez*, 562 F.3d at 1144–45 (finding that section 1252(a)(2)(B)(ii) did not preclude district court from exercising jurisdiction over claims "because such *non-discretionary*, statutory eligibility decisions made by USCIS fall outside the limitations on judicial review in the INA").

There are other limits on the Court's jurisdiction in this context as well. Mr. Solis bases his claims on the APA, which provides that "[a]gency action made reviewable by statute and **final agency action** for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704 (emphasis added); *see also Cabaccang v. U.S. Citizenship & Immigration Servs.*, 627 F.3d 1313, 1315 (9th Cir. 2010) ("No statute authorizes judicial review over denials of status adjustment, so the sole issue here is whether USCIS's denial of the [plaintiffs'] applications was a 'final' agency action for which there was no other adequate remedy."). The Supreme Court has explained that "two conditions must be satisfied for agency action to be 'final[.]'" *Bennett v. Spear*, 520 U.S. 154, 177 (1997). The first is that "the action must mark the 'consummation' of the agency's decisionmaking process," which means that "it must not be of a merely tentative or interlocutory nature." *Id.* at 177–78 (quoting *Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948)). "[S]econd, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow[.]'" *Id.* at 178 (quoting *Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970)).

Consequently, "[f]inality requires exhaustion of administrative remedies." *Pinho*, 432 F.3d at 200. In the context of the previously outlined statutory scheme, "[i]f there remain steps that the immigrant can take to have an action reviewed within the agency, then the action is not final and judicial review is premature." *Id.* Courts have therefore found that when plaintiffs may obtain review of denials of adjustment of status applications through other agency avenues, such as removal proceedings, this requirement is not met. *See, e.g.*, *Cabaccang*, 627 F.3d at 1316–17 ("Similarly, the pendency of removal proceedings means the Cabaccangs have not exhausted their administrative remedies. . . . The Cabaccangs presently have the ability to reopen their applications

9

to adjust status during their pending removal proceedings. Undoubtedly they will do so. Until they have exhausted this available administrative remedy, the district court cannot hear their claim."); *McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000) ("The suit was premature, since, as the plaintiffs acknowledge, they could obtain review of the district director's decision by the Board of Immigration Appeals if and when the immigration service institutes removal (i.e., deportation) proceedings against them. They thus have failed to exhaust their administrative remedies." (citation omitted)); *Ramat v. Nielsen*, 317 F. Supp. 3d 1111, 1117 (S.D. Cal. 2018) ("Thus, as a result of the Immigration Court's pending removal proceedings against Plaintiff, his APA claim is not ripe for adjudication, and this Court lacks subject matter jurisdiction to hear his APA claim."); *Mahon v. Johnson*, 321 F. Supp. 3d 320, 324 (E.D.N.Y. 2018) ("Here, Mahon has failed to exhaust her administrative remedies, and, therefore, the Court does not have jurisdiction. . . . Mahon has the opportunity to renew her application before the Immigration Judge in removal proceedings."); *Soliz v. U.S. Citizenship & Immigration Servs.*, No. CIV A 207-CV-00148, 2007 WL 1753543, at *3 (S.D. W. Va. June 18, 2007) ("Mr. Soliz has not exhausted his administrative remedies . . . when an adjustment of status application has been denied, it may be renewed in removal proceedings. At this stage, therefore, the sole avenue for review of the denial of Mr. Soliz's adjustment of status application is before the immigration judge ('IJ') at the removal proceedings." (citations omitted)).

Accordingly, the courts that have considered this issue—including the D.C. Circuit—have found that in general, district courts lack subject matter jurisdiction to review the denial of an adjustment of status application if there is a removal proceeding through which the plaintiff may seek relief. *See, e.g.*, *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 497 (6th Cir. 2014) ("[W]e hold that termination of refugee status and denial of a status adjustment application are not 'final

agency actions' reviewable in district court under the APA[.]"); *Maalouf v. Wiemann*, No. 09-5394, 2010 WL 4156654, at *1 (D.C. Cir. May 17, 2010) (affirming district court's dismissal of case because challenge to decision that plaintiff was "ineligible for adjustment of status" was "not ripe for judicial review while removal proceedings [we]re pending against her"); *Cabaccang*, 627 F.3d at 1317 ("Accordingly, we join our sister circuits in holding that district courts lack jurisdiction to review denials of status adjustment if removal proceedings are simultaneously pending."); *Howell v. I.N.S.*, 72 F.3d 288, 293 (2d Cir. 1995) ("In the present case, we think that the district court lacked jurisdiction to review the district director's denial of [the plaintiff]'s application for adjustment of status once deportation proceedings commenced, because [the plaintiff] failed to exhaust her administrative remedies."); *Randall v. Meese*, 854 F.2d 472, 480–81 (D.C. Cir. 1988) (finding that plaintiff must take "normal appeal route" and that district court lacked subject matter jurisdiction over denial of status adjustment when removal proceedings were pending); *Massignani v. Immigration & Naturalization Serv.*, 438 F.2d 1276, 1277 (7th Cir. 1971) (finding that district court lacked subject matter jurisdiction because plaintiff would "have another opportunity to present her application for permanent residence" in removal proceedings); *Ahlijah v. Nielsen*, No. CV PX-17-1720, 2018 WL 3363875, at *3 (D. Md. July 10, 2018) ("Because [the plaintiff's] removal proceedings are ongoing in Immigration Court, [the plaintiff] has not yet been subject to a final decision as to deportation or removal."), *aff'd*, 755 F. App'x 290 (4th Cir. 2019); *Jafarzadeh*, 270 F. Supp. 3d at 305 ("It is well established that an individual may not challenge a denial of an adjustment of status to that of a lawful permanent resident in district court while removal proceedings are pending.").

However, courts have generally refrained from finding there is no jurisdiction when there is no way for plaintiff to seek relief through a removal proceeding. An illustrative example is

*Hosseini v. Johnson*, 826 F.3d 354 (6th Cir. 2016). The Sixth Circuit reversed the district court, which had concluded that it lacked jurisdiction in a case challenging the denial of an adjustment of status application. *Id.* at 357–59. But the plaintiff in *Hosseini* did not, at any point, have any removal proceedings initiated against him. *Id.* at 361. The government argued that the fact that the agency could, at some hypothetical future time, bring removal proceedings against the plaintiff meant that the agency's denial was not sufficiently final. *Id.* at 361–62. The court rejected that argument. *See id.* In particular, the court was concerned that because the agency had discretionary control over whether to initiate removal proceedings, precluding review of a plaintiff's claim could allow the agency to control whether a claim might be brought before the courts. *See id.* at 362. Other courts have found the same. *See, e.g.*, *Mamigonian*, 710 F.3d at 945 (explaining that Ninth Circuit has made clear "that for purposes of the APA, '[w]ithout a pending removal proceeding, a denial of status adjustment is final because there is no appeal to a superior administrative authority'" (quoting *Cabaccang*, 627 F.3d at 1317)); *Pinho*, 432 F.3d at 201 (finding that when there were no removal proceedings, plaintiff "had no further opportunity to challenge the legality of the decision within the agency, and would have none at all, were he forced to await deportation proceedings that the agency may or may not choose to institute"); *Chen v. Reno*, No. 96 CIV. 5792 (RPP), 1997 WL 316482, at *2 (S.D.N.Y. June 11, 1997) (finding that jurisdiction was proper because plaintiff had "exhausted his administrative remedies because as a denied applicant not in deportation proceedings, he ha[d] no further options under the regulatory or statutory scheme to force a prompt decision by the INS"). At least one court has also found there may be subject matter jurisdiction when a plaintiff is "precluded from submitting or renewing an application for adjustment of status before an [Immigration Judge] during removal proceedings," such as when that plaintiff qualifies as an "arriving alien." *Mamigonian*, 710 F.3d at 945.

12

In this case, Defendant argues that a "a removal proceeding is pending against plaintiff" and, as a result, he must first seek review of the denial of his adjustment of status application with an Immigration Judge and appeal it to the Board of Immigration Appeals before seeking judicial review in the relevant circuit court of appeals. *See* Def.'s Mot. at 5–6. Defendant refers to an Order of Removal issued August 8, 2002 and a Warrant of Removal/Deportation dated January 12, 2004. *See id.* at 5. In response, Mr. Solis argues that this Court has jurisdiction because "no removal proceedings are currently pending." Pl.'s Opp'n at 2. He concedes that removal proceedings were initiated against him in 2002 and that he was ordered removed in 2002. *Id.* However, he explains, because there are no ongoing removal proceedings, jurisdiction lies. *See id.* The Court agrees with Defendant.

What Mr. Solis's primary argument overlooks is that, under the legal scheme outlined above, the question is whether he has exhausted administrative remedies. It is true that in many cases, including the case that Defendant cites several times, *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296 (D.D.C. 2017), there were parallel removal proceedings happening at the same time as the district court case. But Mr. Solis in this case still has not exhausted his administrative remedies because he has not sought to move to reopen his removal proceedings so that his adjustment of status application can be adjudicated there. Mr. Solis must avail himself of any administrative remedies available to him, which includes seeking adjudication of his adjustment of status application in a reopened removal proceeding. As noted above, under 8 C.F.R. § 1245.2(a)(1)(i), the Immigration Judge presiding over any removal proceeding has "exclusive jurisdiction to adjudicate any application for adjustment of status" that an alien may file.

Mr. Solis suggests that he cannot avail himself of this route because he is an arriving alien, and "the Board of Immigration Appeals has held that it has no jurisdiction to consider an

13

adjustment of status application for an arriving alien with a final order of removal." Pl.'s Opp'n at 2. It is true that the jurisdictional provision in section 1245.2(a)(1)(i) does not apply to an arriving alien. *See* 8 C.F.R. § 1245.2(a)(1)(i). But USCIS has specifically determined that Mr. Solis does *not* qualify as an arriving alien. *See* Compl. Ex. 5, ECF No. 1-5, at 2. Because USCIS found that Mr. Solis was not an arriving alien, USCIS found that it lacked jurisdiction in light of section 1245.2(a):

> Since you are a respondent in a removal proceeding, and you are not an "arriving alien" only EOIR has jurisdiction to grant or deny your Form I-485[.] See Title 8, Code of Federal Regulations (8 CFR), sections 252.2(a) and 1245.2(a). You must submit your Form I-485 to the Immigration Judge in EOIR proceedings. Since EOIR has already entered a removal order, you must move EOIR to reopen the proceedings in order for you to be able to apply for adjustment of status.
>
> Because USCIS does not have jurisdiction, your Form I-485 is administratively closed; however, this does not prevent you from seeking adjustment before EOIR. 8 CFR sections 245.2(a)(1) and 1245(a)(1).

*Id.* Ex. 5 at 2. In light of the finding that he is not an arriving alien, Mr. Solis has not explained how the decision upon which he relies, *In re Yauri*, 25 I. & N. Dec. 103, 106–07 (BIA 2009), would apply to his application. Indeed, in *In re Yauri*, there was neither a dispute that the alien was an arriving alien nor a finding by USCIS that she was not an arriving alien. *See id.* at 104 (noting that alien "acknowledge[d] that she [was] an 'arriving alien'").

In any event, it is far from clear that *In re Yauri* should be accorded deference. For instance, the Ninth Circuit held in *Singh v. Holder*, 771 F.3d 647 (9th Cir. 2014), that "the Board of Immigration Appeals has authority to reopen proceedings of an alien who is under a final order of removal in order to afford the alien an opportunity to pursue an adjustment of status application before [USCIS]," *id.* at 649. In doing so, it accorded no deference to *In re Yauri* because it found that the Board's holding in that case ignored "the unambiguous language of 8 C.F.R. § 1003.2(a), which states that '[t]he Board may at any time reopen or reconsider on its own motion any case in

14

which it has rendered a decision.'" *Id.* (quoting 8 C.F.R. § 1003.2(a)). Regardless, the Board's holding in *In re Yauri* is distinguishable here.

Administrative remedies are therefore still available to Mr. Solis. He may move to reopen his removal proceeding to adjudicate his adjustment of status application there. *See generally, e.g.*, 8 U.S.C. § 1229a (outlining in various subsections process for reopening removal proceedings); 8 C.F.R. § 1003.2 (same). If his attempt is denied, or if his application is denied, he may ultimately be able to appeal to the relevant federal Court of Appeals. *See, e.g.*, *Singh*, 771 F.3d at 650 ("The denial of a motion to reopen is a final administrative decision subject to our judicial review. Our jurisdiction arises under 8 U.S.C. § 1252." (citation omitted)); *cf. Kucana v. Holder*, 558 U.S. 233, 252 (2010) (finding that 8 U.S.C. § 1252(a)(2)(B)(ii) does not strip courts of jurisdiction to review BIA's denial to reopen removal proceedings even when discretionary denial authority stemmed from regulation and not statute). Either way, this court has no subject matter jurisdiction to hear his case and it must be dismissed on that basis.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 11, is **GRANTED**. This Court lacks subject matter jurisdiction over Mr. Solis's case. The Court therefore **DENIES AS MOOT** Defendant's alternative Motion to Transfer and Motion for Summary Judgment. An appropriate Order accompanies this Memorandum Opinion.

Date: February 7, 2020

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge